**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| IN RE: | CASE NO. 17-31316-DHW |
| | CHAPTER 13 |
| EARNESTINE ALEXANDER HARDY | |
| HOWARD HARDY JR | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

> The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

      Debtor(s)

CASE NO. 17-31316-DHW
CHAPTER 13

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

**TRUSTEE'S MOTION TO MODIFY DEBTOR'S**
**CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS**

     COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

     The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

     WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| IN RE: | CASE NO. 17-31316-DHW |
| | CHAPTER 13 |
| EARNESTINE ALEXANDER HARDY | |
| | |
| HOWARD HARDY JR | |
| | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this

Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states

as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify

the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement,

less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the

Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

| | |
|---|---|
| IN RE: | **CASE NO. 17-31316-DHW** |
| | **CHAPTER 13** |
| **EARNESTINE ALEXANDER HARDY** | |
| **HOWARD HARDY JR** | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
Debtor(s) Attorney
All Creditors
Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

| IN RE: | CASE NO. 17-31316-DHW |
|---|---|
| | CHAPTER 13 |
| EARNESTINE ALEXANDER HARDY | |
| HOWARD HARDY JR | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the _net_ amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all _net_ proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| IN RE: | CASE NO. 17-31316-DHW |
| | CHAPTER 13 |
| EARNESTINE ALEXANDER HARDY | |
| HOWARD HARDY JR | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

**TRUSTEE'S MOTION TO MODIFY DEBTOR'S**
**CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS**

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:                                                                     CASE NO. 17-31316-DHW
                                                                                        CHAPTER 13
EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

          Debtor(s)

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following:
Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

**TRUSTEE'S MOTION TO MODIFY DEBTOR'S**
**CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS**

          COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this

Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states

as follows:

          The Trustee has been advised that the debtor is the party to a lawsuit or some other cause
          of action. Some portion of the proceeds have been claimed as exempt on Schedule C by
          the debtor. It is the Trustee's contention that this cause of action constitutes both
          disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee
          understands that the proceeds from this cause of action will be reduced by attorneys fees,
          costs of litigation and any other expenses of litigation that are approved by this Court
          pursuant to the debtor's motion to approve settlement and application for approval of
          attorneys fees and costs of litigation. To the extent that these proceeds are not exempted
          by the debtor or approved by the Court for the payment of attorneys fees and costs of
          litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured
          creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors,
          the Trustee moves this Honorable Court to increase the percentage to unsecured creditors
          by the net amount of these proceeds.

          WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify

the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement,

less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the

Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

| | |
|---|---|
| IN RE: | **CASE NO. 17-31316-DHW** |
| | **CHAPTER 13** |
| **EARNESTINE ALEXANDER HARDY** | |
| | |
| **HOWARD HARDY JR** | |
| | |
| **Debtor(s)** | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

| | |
|---|---|
| IN RE: | **CASE NO. 17-31316-DHW** |
| | **CHAPTER 13** |
| **EARNESTINE ALEXANDER HARDY** | |
| **HOWARD HARDY JR** | |
| **Debtor(s)** | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement.  The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone:  (334)262-8371
Fax: (334)262-8599
email:  13Trustee@ch13mdal.com

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc:  Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

| | |
|---|---|
| IN RE: | CASE NO. 17-31316-DHW |
| | CHAPTER 13 |
| **EARNESTINE ALEXANDER HARDY** | |
| **HOWARD HARDY JR** | |
| **Debtor(s)** | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
Debtor(s) Attorney
All Creditors
Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

| | |
|---|---|
| IN RE: | CASE NO. 17-31316-DHW |
| | CHAPTER 13 |
| EARNESTINE ALEXANDER HARDY | |
| HOWARD HARDY JR | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

## TRUSTEE'S MOTION TO MODIFY DEBTOR'S
## CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

IN RE:                                                                    CASE NO. 17-31316-DHW
                                                                         CHAPTER 13
EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

        Debtor(s)

---

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

---

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

        COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

        The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

        WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

| | |
|---|---|
| IN RE: | CASE NO. 17-31316-DHW |
| | CHAPTER 13 |
| **EARNESTINE ALEXANDER HARDY** | |
| **HOWARD HARDY JR** | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc:  Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

IN RE:

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

     Debtor(s)

CASE NO. 17-31316-DHW
CHAPTER 13

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

## TRUSTEE'S MOTION TO MODIFY DEBTOR'S
## CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

     Debtor(s)

CASE NO. 17-31316-DHW
CHAPTER 13

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

**TRUSTEE'S MOTION TO MODIFY DEBTOR'S**
**CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS**

     COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

     The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

     WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

| | |
|---|---|
| IN RE: | CASE NO. 17-31316-DHW |
| | CHAPTER 13 |
| **EARNESTINE ALEXANDER HARDY** | |
| **HOWARD HARDY JR** | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement.  The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone:  (334)262-8371
Fax: (334)262-8599
email:  13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc:  Debtor(s)
      Debtor(s) Attorney
      All Creditors
      Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

IN RE:

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

     Debtor(s)

CASE NO. 17-31316-DHW
CHAPTER 13

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

     COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

     The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

     WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

    Debtor(s)

CASE NO. 17-31316-DHW
CHAPTER 13

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following:
Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

## TRUSTEE'S MOTION TO MODIFY DEBTOR'S
## CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
Debtor(s) Attorney
All Creditors
Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

     Debtor(s)

CASE NO. 17-31316-DHW
CHAPTER 13

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

     COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

     The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

     WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

     Debtor(s)

CASE NO. 17-31316-DHW
CHAPTER 13

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

**TRUSTEE'S MOTION TO MODIFY DEBTOR'S**
**CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS**

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc:  Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

IN RE:

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

    Debtor(s)

CASE NO. 17-31316-DHW
CHAPTER 13

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following:
Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

    COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

    The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

    WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
Debtor(s) Attorney
All Creditors
Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

| IN RE: | CASE NO. 17-31316-DHW |
|---|---|
| | CHAPTER 13 |
| EARNESTINE ALEXANDER HARDY | |
| HOWARD HARDY JR | |
|     Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

    The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

    WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

| IN RE: | CASE NO. 17-31316-DHW |
|---|---|
| | CHAPTER 13 |
| **EARNESTINE ALEXANDER HARDY** | |
| **HOWARD HARDY JR** | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

| IN RE: | CASE NO. 17-31316-DHW |
|---|---|
| | CHAPTER 13 |
| **EARNESTINE ALEXANDER HARDY** | |
| **HOWARD HARDY JR** | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

## TRUSTEE'S MOTION TO MODIFY DEBTOR'S
## CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| IN RE: | CASE NO. 17-31316-DHW |
| | CHAPTER 13 |
| EARNESTINE ALEXANDER HARDY | |
| | |
| HOWARD HARDY JR | |
| | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

## TRUSTEE'S MOTION TO MODIFY DEBTOR'S
## CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

IN RE:

CASE NO. 17-31316-DHW
CHAPTER 13

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

Debtor(s)

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc: Debtor(s)
　　Debtor(s) Attorney
　　All Creditors
　　Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

| | |
|---|---|
| IN RE: | CASE NO. 17-31316-DHW |
| | CHAPTER 13 |
| EARNESTINE ALEXANDER HARDY | |
| HOWARD HARDY JR | |
| Debtor(s) | |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following:
Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone:  (334)262-8371
Fax: (334)262-8599
email:  13Trustee@ch13mdal.com

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc:  Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

/s/ Sabrina L. McKinney
Sabrina L. McKinney
Chapter 13 Standing Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

IN RE:

EARNESTINE ALEXANDER HARDY

HOWARD HARDY JR

     Debtor(s)

CASE NO. 17-31316-DHW
CHAPTER 13

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following:
Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR'S
### CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

    COMES NOW, the Trustee, and pursuant to 11 USC §1329 and LBR 3015-1(b) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

    The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds have been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and application for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

    WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all <u>net</u> proceeds from the lawsuit or cause of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than

100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor's originally confirmed plan will remain the same.

Respectfully submitted on December 20, 2017.

Sabrina L. McKinney
Chapter 13 Standing Trustee


*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone:  (334)262-8371
Fax: (334)262-8599
email:  13Trustee@ch13mdal.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS, has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on December 20, 2017.

cc:  Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Debtor(s) Special Counsel

*/s/ Sabrina L. McKinney*
Sabrina L. McKinney
Chapter 13 Standing Trustee